995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Bardwin Kevin BAYS, Defendant-Appellee.
 No. 92-10393.
 United States Court of Appeals, Ninth Circuit.
 June 3, 1993.
 
 Before REINHARDT, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The issue before us is whether the district court abused its discretion in granting Bardwin Bays ("Bardwin") a new trial pursuant to Fed.R.Crim.P. 33[1] after his conviction for possession of cocaine with intent to distribute. We hold that it did not.
 
 
 3
 An appeal of a district court's decision to grant or deny a new trial is reviewed not merely for abuse of discretion, but for a clear and manifest abuse of discretion. United States v. Alston, 974 F.2d 1206 (9th Cir.1992). The appellant's burden in showing such an abuse of discretion is "significant." Id. at 1212. A court of appeals should reverse a district court's grant of a new trial "only rarely, ... and then only in egregious cases." Id.
 
 
 4
 A district court may grant a motion for a new trial in those exceptional cases in which the evidence preponderates heavily against the verdict. United States v. Rush, 749 F.2d 1369, 1371 (9th Cir.1984). In considering such a motion, the court need not draw inferences from the evidence in favor of the verdict. It may weigh the evidence on its own and independently consieder the credibility of witnesses. Alston, 974 F.2d at 1211; Tibbs v. Florida, 457 U.S. 31, 38, n. 11 (1982) (citing United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir.1980)). As long as, on the basis of its own evaluation of the witnesses' credibility, the court determines that the evidence preponderates heavily against the verdict, it may ignore "the abstract sufficiency of the evidence to sustain the verdict." Alston, 974 F.2d at 1211 (citation omitted).
 
 
 5
 The government concedes that the district court properly relied on most of the reasons it listed for granting Bardwin's motion for a new trial. It contends, however, that in reaching some if its conclusions, the district court made errors of fact or law.
 
 
 6
 The government contends, first, that the district court could not properly have found that the verdict was contrary to the weight of the evidence, because it erred in recalling certain facts. The government correctly points out the district court's factual errors. However, the errors were minor.[2] The district court did not clearly and manifestly abuse its discretion in concluding that the verdict was against the cumulative weight of the evidence.
 
 
 7
 The government also argues that the district court made three errors in crediting the testimony of Lloyd Bays ("Lloyd"), Bardwin's father. Citing two Seventh Circuit cases, it contends that the court should not have rejected the jury's assessment of Lloyd's credibility. United States v. Kuzniar, 881 F.2d 466, 470 (7th Cir.1989); United States v. Reed, 875 F.2d 107, 114 (7th Cir.1989). However, under Alston, a district court may weigh the evidence on its own and independently consider the credibility of witnesses. Alston, 974 F.2d at 1212-13. The court did not abuse its discretion in resting its decision partly on its belief that Bardwin had an innocent reason for accompanying Lloyd to the site of the drug transaction.
 
 
 8
 Third, the government correctly states that it was improper for the district court to rely on the conclusion that, because the jury acquitted Bardwin of conspiracy, it must have believed part of Lloyd's testimony. United States v. Powell, 469 U.S. 57, 65, 105 S.Ct. 471, 476 (1984) (a court should not reverse a conviction based on an inconsistency in verdicts because even a jury completely convinced of a defendant's guilt on all charges, could, through mistake, compromise or lenity, acquit a defendant or one or more charges.). However, the district court only used that argument to support its own view of some of Lloyd's testimony. It was entitled to rely on its own assessment even in the absence of independent support. Moreover, disregard of one of the district court's numerous reasons neither requires nor permits us to find that the court clearly and manifestly abused its discretion in granting Bardwin's motion.
 
 
 9
 Among the district court's reasons for granting Bardwin's motion was that the government's case was full of uncertainties and discrepancies. The government's next argument is that all of the uncertainties the court identified pertain only to two issues: whether Bardwin could have hidden the gym bags that held the cocaine under the bed in the motel room where the transaction occurred, and whether he engaged in counter-surveillance from the parking lot. It contends that, without more, uncertainty as to these two issues does not warrant a new trial. However, those two issues may have been among the strongest grounds for convicting Bardwin. In addition, as noted above, the court based its ruling on a number of other grounds as well.
 
 
 10
 Finally, the government notes that the court cited United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir.1985), for the proposition that courts have granted Rule 33 motions based on the weight of the evidence only where the government's case has been marked by uncertainties and discrepancies and the credibility of the government's witnesses has been impeached. The government contends that because the credibility of its witnesses was not impeached, the court abused its discretion in granting Bardwin's Rule 33 motion. However, Martinez does not recite a per se rule, but rather tallies the outcomes of Eleventh Circuit cases in which new trials have been granted. Additionally, Martinez is not controlling in the Ninth Circuit. Here, Alston controls. Alston clearly permits the district court to make independent judgments concerning witnesses' credibility, whether or not opposing witnesses have been impeached. That is what the district court did here.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." Fed.R.Crim.P. 33
 
 
 [2]
 We note with interest that with respect to a significant part of this argument, the government does not contend that the facts relied on were erroneous, simply that they were adduced as part of a motion that was not before the jury